UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY L. BROCK,

                Petitioner,             Case No. 2:19-cv-13093
                                                   Hon. Paul D. Borman

v.

J.A. TERRIS,

                Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Federal prisoner Tony L. Brock ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In 2014, Petitioner pled guilty in the United States District Court for the Central District of Illinois to possession with intent to distribute heroin and conspiracy. He was sentenced to concurrent terms of 180 months. Judgment at 2, *U.S. v. Brock*, No. 13-20058 (C.D. Ill. July 25, 2014) (ECF No. 34). Petitioner argues that he was erroneously sentenced as a career offender. For the reasons set forth below, the Court will summarily deny the petition and deny leave to appeal in forma pauperis.

## I. Background

A federal grand jury charged Petitioner with possession of heroin with the intent to distribute it and conspiracy to distribute heroin. Indictment at 1, *Brock*, No. 13-20058 (ECF No. 11). Petitioner entered into a plea agreement whereby he agreed to cooperate with law enforcement authorities. Plea Agreement, *Brock*, No. 13-20058 (ECF No. 18). The pre-sentence report determined that Brock was a career offender based on his prior convictions of Aggravated Discharge of a Firearm and possession of less than 15 grams of cocaine. Defendant's Sentencing Memorandum at 2, *Brock*, No. 13-20058 (ECF No. 31). As a result, Brock faced an advisory guideline sentencing range of 360 months (30 years) to life imprisonment if he went to trial, or a range of 262 to 327 months (21 years and ten months to 27 years and three months). *Id.* at 1–2. Without the career criminal enhancement, he faced an advisory sentencing range of 57 to 71 months (4 years and 9 months to 5 years and 11 months). *Id.* at 1. Nevertheless, the Court sentenced him to 180 months (15 years). Judgment at 2, *Brock*, No. 13-20058 (ECF No. 34). Petitioner later filed a motion to reduce his sentence, but did not file a direct appeal. Motion to Reduce Sentence, *Brock*, No. 13-20058 (ECF No. 41).

On June 6, 2016, Petitioner filed in the Central District of Illinois a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Motion, *Brock v. United States*, No. 16-2158 (C.D. Ill. June 6, 2016) [hereinafter, *Brock II*] (ECF

No. 1). In this motion, Petitioner brought the same challenge to his sentence that he presents here. He argued that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague, also applies to the scoring of the advisory federal sentencing guidelines. Motion at 4, *Brock II*, No. 16-2158 (ECF No. 1). On November 4, 2016, the court dismissed Petitioner's motion without prejudice. Order and Opinion, *Brock II*, No. 16-2158 (ECF No. 1). The court found that the motion was prematurely filed in light of the fact that the Supreme Court granted certiorari in *Beckles v. United States*, 137 S. Ct. 886 (2017), to decide whether the advisory guidelines were subject to vagueness challenges under the Due Process Clause. *Id.* at 3. Petitioner never attempted to refile his § 2255 motion after the Supreme Court issued its decision in *Beckles*.

## II. Discussion

The primary mechanism for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit affirmed this in *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016), where it explained that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241."

3

Petitioner is challenging the length of his federal sentence, as opposed to the execution or manner in which he is serving his sentence. Therefore, he may proceed under § 2241 only if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "The circumstances in which § 2255 is inadequate and ineffective are narrow." *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461).

In *Hill*, the Sixth Circuit held that in limited circumstances a federal prisoner may invoke the savings clause of § 2255 to challenge the misapplication of a sentence enhancement. See *Hill*, 836 F.3d at 598–99. The prisoner must show that: (1) he or she was "sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005);" (2) he or she is foreclosed from filing a successive petition under § 2255; and (3) a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. *Id.* at 599–600.

Petitioner satisfies neither the first nor second conditions. Petitioner was sentenced in 2014, after the Supreme Court issued its decision in *Booker*. Moreover, Petitioner's prior § 2255 petition was dismissed without prejudice. Petitioner is not foreclosed from filing a renewed § 2255 petition. As Petitioner has failed to satisfy at least two of the three conditions set forth in *Hill*, he may not maintain this action under § 2241.

## III. Conclusion

For the reasons given above, the Court denies the petition for writ of habeas corpus. The Court also denies leave to appeal this decision in forma pauperis because an appeal would lack merit and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Finally, Petitioner is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 10-31-19